REMER v. DOWNER, 23 Wend. 620.

Reported 21 Wend. 10.

*Promissory Note; Notice to Endorser.*

THE Supreme Court held in this case, (overruling the case of *Cuyler* v. *Nellis*, 4 Wend. 348,) that a notice of protest

sent by mail, directed to the *town* where the party resides, is sufficient, although there be several post-offices in the same town, unless it appears that the holder knew that it should be directed in a different manner, (as now by statute passed since this case occurred,) unless the party when affixing his signature to a bill or note, specify thereon the *post-office* to which notice must be addressed.

That court also held, that where the sum specified in the notice of protest, *varies* from the true amount of the note, it is for the jury to say whether the party has or has not been misled; and gave judgment for plaintiff.

The Court of Errors, however, the Chancellor delivering the only opinion, *reversed* the judgment; he concurring with the Supreme Court in overruling *Cuyler* v. *Nellis,* but holding that the *misdescription* of the amount of the note, in the notice of protest, the notice informing the defendant that "Your note for $999 52 endorsed by him (P. the cashier who sent it) "was protested," &c.; instead of note for $560, payable to Whitaker and endorsed to him, was fatal, and that the question was one of *law* for the judge at the circuit, and should not have been left to the jury. He however intimated his opinion that the *misdirection* of the letter on the *inside,* to the cashier, would have been cured by the correct address on the outside, if it had not been for the *misdescription* of the note.

But in 25 Wend. 277, the reporter has published Senator Verplanck's opinion in this case, in favor of a *reversal,* but holding that the question as to misdescription of the note, should have been left to the jury; and the reporter adds a note, claiming that the question of the tribunal whose province it was to decide upon the sufficiency of the notice, may be considered as *open,* notwithstanding the reversal of the judgment. *Sed quere?*